MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

SANTIAGO YASCARIBAY, *individually and on*
*behalf of others similarly situated,*

                     *Plaintiff,*

        -against-

JON 2, LLC (d/b/a MANNY'S ON SECOND),
  ERIC GONZALEZ  and JOHN NELSON

                    *Defendants.*

-----------------------------------------------------------X

                **COMPLAINT**

        **COLLECTIVE ACTION**
     **UNDER 29 U.S.C. § 216(b)**

             **ECF Case**

      Plaintiff Santiago Yascaribay ("Plaintiff Yascaribay" or "Mr. Yascaribay"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon information and belief, and as against each of Defendants Jon 2, LLC (d/b/a Manny's

on Second) ("Defendant Corporation"), Eric Gonzalez  and John Nelson (collectively,

"Defendants"), alleges as follows:

**<u>NATURE OF ACTION</u>**

1.     Plaintiff Yascaribay is a former employee of Defendants Jon 2, LLC (d/b/a Manny's on

Second), Eric Gonzalez and John Nelson.

2.     Manny's on Second is a bar/restaurant previously owned by John Nelson and now owned

by Eric Gonzalez located at 1770 2nd Ave, New York, NY 10128.

3.      Upon information and belief, Defendants Eric Gonzalez and John Nelson serve or served as owners, managers, principals and/or agents of Defendant Corporation, and through this corporate entity operate or operated the bar/restaurant.

4.      Plaintiff Yascaribay is a former employee of Defendants.

5.      Plaintiff Yascaribay was ostensibly employed as a tipped employee (waiter, barback, food runner and busboy), while he was also required to spend several hours each day performing non-tipped duties unrelated to tips, including but not limited to cleaning and unclogging sinks, cleaning bathrooms, collecting bottles, cutting lemons, taking out the garbage, recycling beer bottles and washing glass cups (hereinafter, "non-tipped duties").

6.      Plaintiff Yascaribay regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Yascaribay appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Yascaribay the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Yascaribay as a waiter, barback, food runner and busboy in their payroll, but in actuality his duties included a significant amount of time spent performing the non-tipped duties alleged above.

10.     At all times, regardless of duties, Defendants paid Plaintiff Yascaribay and all other tipped employees at a rate that was lower than the required tip-credited rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Yascaribay's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Yascaribay's actual duties in payroll records to avoid paying Plaintiff Yascaribay at the minimum wage rate, and to enable them to pay Plaintiff Yascaribay at the lower tip-credited rate (which they still failed to do) by designating him as a tipped employee instead of a non-tipped employee.

13.     In addition, Defendant Eric Gonzalez maintained a policy and practice of unlawfully appropriating Plaintiff Yascaribay's tips and made unlawful deductions from the Plaintiff's and other similarly situated employees' wages

14.     Defendants' conduct extended beyond Plaintiff Yascaribay to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Yascaribay and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiff Yascaribay now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at

N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

17.    Plaintiff Yascaribay seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Yascaribay's state law claims is conferred by 28 U.S.C. § 1367(a).

19.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Yascaribay was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.    Plaintiff Santiago Yascaribay ("Plaintiff Yascaribay" or "Mr. Yascaribay") is an adult individual residing in Queens County, New York.

21.    Plaintiff Yascaribay was employed by Defendants from approximately May 2011 until on or about April 18th, 2017.

22.    Pursuant to 29 U.S.C. § 216(b), Plaintiff Yascaribay consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.    At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a bar/restaurant located at 1770 2nd Ave, New York, NY 10128 under the name "Manny's on Second".

24.    Upon information and belief, Jon 2, LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1770 2nd Ave, New York, NY 10128.

25.    Defendant John Nelson is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant John Nelson is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

26.    Defendant John Nelson possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

27.    Defendant John Nelson determined the wages and compensation of the employees of Defendants, including Plaintiff Yascaribay, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

28.    Defendant Eric Gonzalez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Eric Gonzalez is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

29.    Defendant Eric Gonzalez possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

30.    Defendant Eric Gonzalez determined the wages and compensation of the employees of Defendants, including Plaintiff Yascaribay, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

31.    Defendants operate or operated a bar/restaurant located at 1770 2nd Ave, New York, NY 10128.

32.    Individual Defendants Eric Gonzalez and John Nelson possess(ed) operational control over Defendant Corporation, possess(ed) an ownership interest in Defendant Corporation, and control(led) significant functions of Defendant Corporation.

33.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

34.    Each Defendant possessed substantial control over Plaintiff Yascaribay's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Yascaribay, and all similarly situated individuals, referred to herein.

35.    Defendants jointly employed Plaintiff Yascaribay, and all similarly situated individuals, and are Plaintiff Yascaribay's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

36.    In the alternative, Defendants constitute a single employer of Plaintiff Yascaribay and/or similarly situated individuals.

37.     Upon information and belief, individual defendants Eric Gonzalez and John Nelson operate(d) Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entities;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

38.     At all relevant times, Defendants were Plaintiff Yascaribay's employers within the meaning of the FLSA and NYLL.

39.     Defendants had the power to hire and fire Plaintiff Yascaribay, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Yascaribay's services.

40.     In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the bar/restaurant on a daily basis, such as beer, scotch, and vodka, were produced outside of the State of New York.

*Individual Plaintiff*

42.     Plaintiff Yascaribay is a former employee of Defendants ostensibly employed as a tipped employee (waiter, barback, food runner and busboy), but who spent more than 20% of each work day performing the non-tip duties outlined above.

43.     Plaintiff Yascaribay seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Santiago Yascaribay*

44.     Plaintiff Yascaribay was employed by Defendants from approximately May 2011 until on or about April 18th, 2017.

41.     At all relevant times, Plaintiff Yascaribay was ostensibly employed by Defendants as a waiter, barback, food runner and busboy. However, Plaintiff Yascaribay spent more than 20% of each work day performing the non-tip duties outlined above.

42.     Plaintiff Yascaribay regularly handled goods in interstate commerce, such as beer and liquor produced outside of the State of New York.

43.      Plaintiff Yascaribay's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Yascaribay regularly worked in excess of 40 hours per week.

45.     From approximately June 2011 until on or about September 2011, and from approximately February until on or about September of each year from 2012 through 2017 (non-football season), Plaintiff Yascaribay worked from approximately 6:00 p.m. until on or about 3:00 a.m. or 4:00 a.m. Tuesdays through Saturdays and from approximately 12:00 p.m. until on or about 2:00 a.m. or 3:00 a.m. two Sundays per month (typically 45 to 65 hours per week).

46.     From approximately September until on or about February of each year from 2011 through 2017 (football season), Plaintiff Yascaribay worked from approximately 6:00 p.m. until on or about 3:00 a.m. or 4:00 a.m. Tuesdays through Saturdays and from approximately 11:00 a.m. until on or about 1:00 a.m. or 2:00 a.m. two Sundays per month (typically 45 to 65 hours per week).

47.     From approximately February 2017 until on or about April 18th, 2017, Plaintiff Yascaribay worked from approximately 6:00 p.m. until on or about 1:00 a.m. or 2:00 a.m. Tuesdays through Saturdays and from approximately 2:00 p.m. until on or about 1:00 a.m. or 2:00 a.m. on Sundays (typically 46 to 52 hours per week).

48.     From approximately June 2011 until on or about August 25th. 2016, Defendants paid Plaintiff Yascaribay his wages by check.

49.     From approximately June 2011 until on or about August 2015, Defendants paid Plaintiff Yascaribay $6.00 per hour.

50.     From approximately August 2015 until on or about August 2016, Defendants paid Plaintiff Yascaribay $7.00 per hour, but only during the non-football season (from approximately February until on or about August).

51.     From approximately August 2016 until on or about April 18, 2017, Defendants did not pay Plaintiff Yascaribay any wages for any of the hours he worked.

52.     Defendants did not grant Plaintiff Yascaribay any break or meal periods of any length.

53.     Plaintiff Yascaribay was never notified by Defendants that his tips would be included as an offset for wages.

54.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Yascaribay's wages.

55.     In addition, from approximately August 2015 until on or about April 18, 2017, Defendant Eric Gonzalez withheld more than 50% of the credit card tips customers wrote in for Plaintiff Yascaribay.

56.     Defendants did not provide Plaintiff Yascaribay with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

57.     Defendants never provided Plaintiff Yascaribay with a written notice, in English and in Spanish (Plaintiff Yascaribay's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Yascaribay regarding overtime and wages under the FLSA and NYLL.

59.     Defendants required Plaintiff Yascaribay to purchase "tools of the trade" with his own funds—including 3 pairs of shoes per year and 20 shirts per year.

*Defendants' General Employment Practices*

60.     Defendants regularly required their employees, including Plaintiff Yascaribay, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or spread of hours' compensation.

61.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Yascaribay (and all similarly situated employees) to work in excess of forty (40)

hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

62.     Defendants failed to inform Plaintiff Yascaribay that his tips would be credited towards the payment of the minimum wage.

63.     Defendants failed to maintain a record of tips earned by Plaintiff Yascaribay for the deliveries he made to customers.

64.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Yascaribay by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving tipped workers (including Plaintiff Yascaribay) of a portion of the tips earned during the course of employment.

65.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Yascaribay, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

66.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

67.     Defendants required all tipped employees, including Plaintiff Yascaribay, to perform general non-tipped restaurant tasks in addition to their primary duties as tipped employees. Plaintiff Yascaribay, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

68.    Plaintiff Yascaribay and all other tipped employees were not even paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because the tipped employees' and Plaintiff Yascaribay's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

69.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

70.    The tipped employees', including Plaintiff Yascaribay's, duties were not incidental to their occupation as tipped employees, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

71.    In violation of federal and state law as codified above, Defendants classified Plaintiff Yascaribay and other tipped employees as tipped employees but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

72.    Defendants also failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Yascaribay, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Yascaribay's, relative lack of sophistication in wage and hour laws.

73.    From approximately August 2016 until on or about April 18, 2017, Defendants did not pay Plaintiff Yascaribay any wages for the hours he worked.

74.    Upon information and belief, these practices were done to disguise the actual number of hours Plaintiff Yascaribay, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

75.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

76.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Yascaribay and other similarly situated current and former tipped workers.

77.    Defendants failed to provide Plaintiff Yascaribay and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

78.    Defendants failed to provide Plaintiff Yascaribay and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

79.     Plaintiff Yascaribay brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

80.     At all relevant times, Plaintiff Yascaribay, and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA willfully taking improper wage deductions and other improper credits against Plaintiff Yascaribay's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

81.     The claims of Plaintiff Yascaribay stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

82.     Plaintiff Yascaribay repeats and realleges all paragraphs above as though fully set forth herein.

83.     At all times relevant to this action, Defendants were Plaintiff Yascaribay's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards

Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Yascaribay (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

84.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

86.    Defendants failed to pay Plaintiff Yascaribay (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

87.    Defendants' failure to pay Plaintiff Yascaribay (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

88.    Plaintiff Yascaribay (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

89.    Plaintiff Yascaribay repeats and realleges all paragraphs above as though fully set forth herein.

90.    At all times relevant to this action, Defendants were Plaintiff Yascaribay's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Yascaribay (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

91.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

92.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

93.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Yascaribay (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

94.    Defendants' failure to pay Plaintiff Yascaribay (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

95.    Plaintiff Yascaribay (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE ACT

97.    Plaintiff Yascaribay repeats and realleges all paragraphs above as though fully set forth herein.

98.    At all times relevant to this action, Defendants were Plaintiff Yascaribay's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Yascaribay (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

99.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Yascaribay (and the FLSA Class members) less than the minimum wage.

100.    Defendants' failure to pay Plaintiff Yascaribay (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

101.    Plaintiff Yascaribay (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

102.    Plaintiff Yascaribay repeats and realleges all paragraphs above as though fully set forth herein.

103.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Yascaribay overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

104.    Defendants' failure to pay Plaintiff Yascaribay overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

105.    Plaintiff Yascaribay was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMISSIONER OF LABOR

106.    Plaintiff Yascaribay repeats and realleges all paragraphs above as though fully set forth herein.

107.    Defendants failed to pay Plaintiff Yascaribay one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Yascaribay's spread of hours exceeded ten hours

in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York

Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

108.    Defendants' failure to pay Plaintiff Yascaribay an additional hour's pay for each day Plaintiff

Yascaribay's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

109.    Plaintiff Yascaribay was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

110.    Plaintiff Yascaribay repeats and realleges all paragraphs above as though fully set forth

herein.

111.    Defendants failed to provide Plaintiff Yascaribay with a written notice, in English and in

Spanish (Plaintiff Yascaribay's primary language), of his rate of pay, regular pay day, and such other

information as required by NYLL §195(1).

112.    Defendants are liable to Plaintiff Yascaribay in the amount of $5,000, together with costs

and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

113.    Plaintiff Yascaribay repeats and realleges all paragraphs above as though set forth fully

herein.

114.    Defendants did not provide Plaintiff Yascaribay with a statement of wages with each

payment of wages, as required by NYLL 195(3).

115.    Defendants are liable to Plaintiff Yascaribay in the amount of $5,000, together with costs

and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

116.    Plaintiff Yascaribay repeats and realleges all paragraphs above as though set forth fully herein.

117.    Defendants required Plaintiff Yascaribay to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as khaki pants, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

118.    Plaintiff Yascaribay was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
## UNLAWFUL DEDUCTIONS FROM TIPS IN
## VIOLATION OF THE NEW YORK LABOR LAW

113.    At all relevant times, Defendants were Plaintiff Yascaribay's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

114.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

115.    Defendants unlawfully misappropriated a portion of Plaintiff Yascaribay's credit card tips that were received from customers.

116.    Defendants knowingly and intentionally retained a portion of Plaintiff Yascaribay's tips in violations of the NYLL and supporting Department of Labor Regulations.

117.    Plaintiff Yascaribay was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yascaribay respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Yascaribay and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Yascaribay and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Yascaribay's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Yascaribay and the FLSA class members;

(f)    Awarding Plaintiff Yascaribay and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)    Awarding Plaintiff Yascaribay and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime

wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Yascaribay and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Yascaribay and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Yascaribay and the members of the FLSA Class;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Yascaribay  and the members of the FLSA Class;

(l)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Yascaribay's, and the FLSA Class members', compensation, hours, wages, and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Yascaribay and the FLSA Class members;

(n)     Awarding Plaintiff Yascaribay and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as spread of hours pay as applicable;

(o)     Awarding Plaintiff Yascaribay damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

21

(p)    Awarding Plaintiff Yascaribay and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)    Awarding Plaintiff Yascaribay and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Yascaribay and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Yascaribay demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
     June 16th, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____
By:    Michael A. Faillace [MF-8436]
     60 East 42nd Street, Suite 4510
     New York, New York 10165
     (212) 317-1200
     *Attorneys for Plaintiff*