USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 0 1 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Santiago Yascaribay,

        Plaintiff,

—v—

Jon 2, LLC, et al.,

        Defendants.

17-CV-4573 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff's motion for the entry of default judgment. For the following reasons, the Court grants the motion.

## I. BACKGROUND

On June 16, 2017, Plaintiff Santiago Yascaribay filed a complaint against Defendants Jon 2, LLC, Eric Gonzalez, and John Nelson alleging that Defendants, former employers of Plaintiff, failed to pay Plaintiff the appropriate minimum wage or overtime compensation for his work as required by the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). *See* Dkt. No. 1 ¶¶ 1, 5-15, 82-105. Plaintiff also alleged that Defendants did not pay him the required spread of hours pay, failed to provide sufficient notice to Plaintiff, owed Plaintiff reimbursement for equipment costs, and unlawfully misappropriated a portion of Plaintiff's tips. *See* Dkt. No. 1 ¶¶ 106-17. Defendants were served in June and August 2017. *See* Dkt. Nos. 11, 13-15.

Defendants failed to appear or to otherwise respond to the complaint. Accordingly, Plaintiff requested an entry of default against all Defendants on November 17, 2017. Dkt. No. 21. On November 20, 2017, certificates of default were entered as to each Defendant. Dkt. Nos. 24-26. That same day, Plaintiff moved for default judgment as to all Defendants. Dkt. No. 27.

1

## II. DISCUSSION

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### A. Default Judgment Is Warranted

Here, entry of a default judgment is warranted. Defendants have failed to participate in the litigation. Defendants have not entered a notice of appearance or responded to the complaint in any way. They failed to respond when Plaintiff sought default and now default judgment. Even with this history, the court is expected to exercise "sound judicial discretion" in determining whether a default judgment should be entered. CHARLES ALAN WRIGHT ET AL., 10A FED. PRAC. & PROC. CIV. § 2685 (4th ed. 2017). The Court may consider factors such as: the amount of money at stake; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been

2

substantially prejudiced by the delay involved; whether the grounds for default are clearly in doubt; how harsh an effect default judgment might have; whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect; and plaintiff's actions throughout. *Id.* Having considered these factors, the Court concludes that default judgment is appropriate in these circumstances.

### B. Plaintiff Establishes a Prima Facie Case for Recovery

The Court must also evaluate damages. The first step is to look to the complaint to determine whether the plaintiff has established a *prima facie* case for recovery. *See Lenard v. Design Studio*, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012).

Plaintiff has submitted a declaration stating that he was employed by Defendants from May 2011 until April 18, 2017. Dkt. No. 28 (Yascaribay Dec.) ¶ 5. Plaintiff worked more than 40 hours per week and was paid $6 per hour from June 2011 until August 2015 and $7 per hour during the non-football season from August 2015 until August 2016. *Id.* ¶¶ 10-15. From August 2016 until April 18, 2017, Defendants did not pay Plaintiff any wages. *Id.* ¶ 16. In addition, Plaintiff did not receive meal breaks or any notification that his tips would be used to offset his wages. *Id.* ¶¶ 17-18. Moreover, credit card tips were withheld from Plaintiff. *Id.* ¶ 19. In addition, Defendants did not provide Plaintiff with an accurate statement of wages or with written notice regarding overtime and wages under the FLSA and the NYLL. *Id.* ¶¶ 21-23. What is more, Defendants required Plaintiff to use his own money to purchase "tools of the trade." *Id.* ¶ 24.

Given this evidence, the Court finds that Plaintiff has established a *prima facie* case for recovery.

## C. Plaintiff Provides Sufficient Evidence of Damages

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker v. Zetian Sys., Inc.*, No. 12 Civ. 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted). "Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum v. Ariba Disc., Inc.*, No. 12-CV-6620, 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

To determine the amount of damages, the Court may conduct a hearing, but doing so is not necessary "as long as [the Court has] ensure[s] that there was a basis for the damages specified in the default judgment." *Transatlantic Marine*, 109 F.3d at 111 (internal quotation marks omitted); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (stating that a district judge may, but is not required to, conduct a hearing on the matter of damages).

Here, Plaintiff asserts that he should be awarded damages in the amount of $218,835.60 and attorneys' fees and costs in the amount of $6,325. Dkt. No. 29 (Clark Dec.) ¶ 30. Plaintiff has provided a chart setting out the damages, fees, and costs that Plaintiff believes he is entitled

to recover, and he has provided an explanation of the legal basis for those awards. *See id.* ¶¶ 31-68; Clark Dec., Exs. H-I. Accordingly, Plaintiff has provided sufficient evidence to establish that he should be awarded $218,835.60 in damages and $6,325 in attorneys' fees and costs.

## III. CONCLUSION

Plaintiff's motion for the entry of default judgment is GRANTED. This resolves Docket Number 27. The Clerk of Court is directed to close the case and enter judgment.

SO ORDERED.

Dated: June 1, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge